UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>KAMAL RAI TANDON,<br><br>        Debtor. | Bankruptcy No. 09-19710-MLB<br><br><br>Chapter 7 |
| RAVI MITTAL and RIPU MITTAL, husband and wife, and SCHIVANCHAL ENTERPRISES, LLC<br><br>        Plaintiffs,<br><br>    v.<br><br>KAMAL RAI TANDON,<br><br>        Defendant. | Case No. _____<br><br>COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT |

Ravi Mittal, Ripu Mittal and Schivanchal Enterprises, LLC, Plaintiffs-Creditors herein,

for their Complaint against Defendant-Debtor Kamal Rai Tandon respectfully allege and seek

relief as follows:

**I.    JURISDICTION AND VENUE.**

1.    On November 21, 2009, Defendant-Debtor Kamal Rai Tandon ("Debtor") filed a

voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Western District of

Washington at Seattle.

2. On May 24, 2018, in response to Debtor's ex parte motion, the Court reopened the bankruptcy proceeding.

3. In this proceeding, Plaintiff-Creditors object to the Debtor's discharge under Bankruptcy Code § 727 insofar as it relates to Debtor's judgment debt to them for Washington state securities law violations. Plaintiff-Creditors seek a determination that the judgment debt owed by the Debtor to Plaintiff-Creditors is nondischargeable under Bankruptcy Code § 523(a)(19) because it is a judgment debt for Washington state securities law violations.

4. This Complaint is timely because a complaint to determine dischargeability of a debt for securities law violations under Section 523(a)(19) can be filed at any time. Fed. Bank. R. 4007(b).

5. This Court has jurisdiction over this proceeding under the provisions of 28 U.S.C. §§ 157 and 1334(a) and/or (b) and 11 U.S.C. §§ 105, 523 and 727. This is an action arising under the Bankruptcy Code.

6. Venue is proper in the Western District of Washington because Kamal Tandon initiated, concluded and reopened his Chapter 7 Bankruptcy in this District and may be found and served in this district.

## II. PARTIES.

7. Plaintiffs Ravi Mittal and Ripu Mittal are individuals and a married couple who reside in Issaquah, Washington. They are judgment creditors of the Debtor by virtue of a judgment entered on December 10, 2007 in *Schivanchal Enterprises LLC, Ravi Mittal and Ripu Mittal v. Kamal Tandon, et al.,* No. 06-2-21280-5-SEA, King County Superior Court , State of Washington (the *Schivanchal* Judgment*").*.

8. Schivanchal Enterprises, LLC is a Washington limited liability company whose members are Ravi and Ripu Mittal. Schivanchal Enterprises, LLC is a judgment-creditor of Debtor by virtue of the *Schivanchal* Judgment.

9. Kamal Tandon is the Debtor in the above-captioned case, and upon information and belief currently resides at 7170 18th Ave. S.W., Seattle, Washington 98106. Debtor is a judgment debtor under the *Schivanchal* Judgment.

**III. FACTS.**

10. On July 7, 2006, Plaintiffs-Creditors filed a complaint against Debtor and others in King County Superior Court, *inter alia*, for violations of Washington state securities laws, including RCW 21.20.101 and 21.20.140, in connection with the Mittals' investments in Tandonfood services and restaurant businesses.

11. On December 10, 2007, the King County Superior Court entered a judgment on behalf of Ravi and Ripu Mittal and Schivanchal Enterprises, LLC and against Kamal Tandon and Anita Tandon, jointly and severally for violations of Washington state securities laws. A true and complete copy of the judgment is attached hereto as Exhibit A.

12. The judgment is for $116,795.81 plus interest at the judgment rate of 12 percent per annum on the unpaid balance from December 10, 2007, plus attorneys' fees of $26,466.75 and costs of $2,852.73.

13. On November 17, 2017, the King County Superior Court extended the *Schivanchal* Judgment under RCW 6.17.020 for an additional ten years from December 10, 2017.

14. Debtor's debt for the *Schivanchal* Judgment is excepted from a discharge in bankruptcy under 11 U.S.C. § 523(a)(19) because it is for violation of Washington state securities laws.

WHEREFORE, plaintiffs request an order determining said debt to be nondischargeable under Section 523(19), declaring that the Mittal and Schivanchal Enterprises, LLC may proceed to collect the debt from Kamal Tandon, and that they may foreclose their judgment lien, and for judgment against the debtor in the sum of $116,795.81(less partial payment received of

$49,738.72 on January 31, 2008) together with interest on the unpaid balance at 12 percent from December 10, 2007, attorneys fees of $26,466.75 and costs of $2,852.73, and for such other and further relief as is just.

DATED this 26th day of May, 2018.

Respectfully submitted,

HENDRICKS & LEWIS PLLC

By:    /s/ Katherine Hendricks
       Katherine Hendricks, WSBA # 14040
       Attorneys for Judgment Creditors
       Ravi and Ripu Mittal and Schivanchal
       Enterprises LLC

**HENDRICKS & LEWIS PLLC**
1516 FEDERAL AVE E
SEATTLE, WA 98102
(206) 624-1933